8

## CIRCUIT COURT OF THE CITY OF NORFOLK

Blast-Off International
Chemical & Manufacturing Co.

v.

Virginia Electric & Power Co.

April 15, 1981

Case No. (Chancery) C-81-319

By JUDGE EDWARD L. RYAN, JR.

Plaintiff contended, and the court agreed, that a billing estimated on a consumption of four days was unfair. The court erred. This is made plain by a consideration of the provisions of Code § 56-234 and the principles adopted in *C & P* v. *Bles*, 218 Va. 1010 (1978).

Balancing is required. It may seem harsh or inequitable to apply against plaintiff the four-day estimate, but it would be harsher and more inequitable to leave defendant uncompensated for electricity consumed by plaintiff from September 30, 1980, through January 28, 1981. It must be remembered that the meter was tampered with and/or damaged and that plaintiff failed in its duty to notify defendant of the fact. "The customer shall be responsible at all times for the safekeeping of all company property installed on the customer's premises." Def. Ex. No. 2.

Plaintiff should not be unjustly enriched by its acts of noncompliance and by law is proscribed from receiving preferential treatment as compared with other customers. Four days is a narrow yardstick, but none other is applicable under the facts and circumstances of the case and the tariffs controlling.

In chancery complete relief may be granted, therefore, counsel for defendant may submit for entry sketch of an order granting money judgment in full.